THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| Woodrow Goodwill,<br><br>Plaintiff,<br><br>– against–<br><br>Synchrony Bank and TransUnion, LLC,<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff, Woodrow Goodwill (hereinafter "Plaintiff"), by and through his attorneys, the Law Offices of Robert S. Gitmeid & Associates, PLLC, by way of Complaint against Defendants, Synchrony Bank ("Synchrony") and TransUnion, LLC ("TransUnion") alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA"), the New Jersey Fair Credit Reporting Act, N.J. Stat. §56:11-28, et seq. (the "NJ FCRA"), and other claims related to unlawful credit reporting practices. The FCRA and NJ FCRA prohibits furnishers and credit reporting agencies ("CRAs") from falsely and inaccurately reporting consumers' credit information.

1

## PARTIES

2. Plaintiff, Woodrow Goodwill, is an adult citizen of New Jersey, domiciled in Orange, New Jersey.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant Synchrony is a "furnisher" of consumer credit information as that term is used in Section 1681s-2 of the FCRA. Defendant Synchrony does business throughout the country and in the state of New Jersey.

5. Defendant TransUnion is a limited liability company, doing business throughout the country and in the state of New Jersey. TransUnion is a "consumer reporting agency" as defined in Section 1681a(f) of the FCRA. Trans Union is one of the largest CRAs in the world.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

7. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in New Jersey.

## FACTUAL ALLEGATIONS

8. Defendant Synchrony issued an account ending in 5959 to Plaintiff. The account was routinely reported on Plaintiff's consumer credit report.

9. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

10. On or about September 11, 2020, Plaintiff and Selip & Stylianou, LLP on behalf of Synchrony Bank ("Synchrony") entered into a settlement agreement for the above referenced account. A copy of the settlement agreement is attached hereto as **Exhibit A.**

11. Pursuant to the terms of the settlement, Plaintiff was required to make monthly payments totaling $1,477.00 to settle and close his Synchrony account.

12. Plaintiff, via his debt settlement representative, timely made the requisite settlement payments. A paid in full letter is attached hereto as **Exhibit B**.

13. However, over months later, Plaintiff's account continued to be negatively reported.

14. In particular, on a requested credit report dated October 20, 2021, Plaintiff's Synchrony account was reported with a status of "CHARGE OFF," a balance of $1,926.00 and a past due balance $1,926.00. The relevant portion of Plaintiff's credit report is attached hereto as **Exhibit C.**

15. This tradeline was inaccurately reported. As evidenced by the settlement agreement and proof of payment, the account was settled for less than the full balance and must be reported as settled with a balance of $0.00.

16. On or about October 20, 2021, Plaintiff, via his attorney at the time, notified Defendants of a dispute with completeness and/or accuracy of the reporting of Plaintiff's Synchrony account. A redacted copy of the dispute letter is attached hereto as **Exhibit D**.

17. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by Synchrony to credit reporting agencies in accordance with 15 U.S.C. § 1681i of the FCRA.

18. In November of 2021, Plaintiff requested updated credit reports for review. The tradeline for Plaintiff's Synchrony account remained inaccurate, as Defendants failed to correct the inaccuracy. The relevant portion of the November 2021 credit report is attached hereto as **Exhibit E**.

19. Upon information and belief, TransUnion did not notify Synchrony of the dispute by Plaintiff in accordance with the FCRA and NJ FCRA.

20. Alternatively, if TransUnion did notify Synchrony, Synchrony failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiff's credit reports.

21. If Synchrony had performed a reasonable investigation of Plaintiff's dispute, Plaintiff's Synchrony account would have been updated to reflect a "settled" status with a balance of $0.00.

22. Despite the fact that Synchrony has promised through its subscriber agreements or contracts to accurately update accounts, Synchrony has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

23. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit reports, concerning the account in question, thus violating the FCRA and the NJ FCRA. These violations occurred before, during, and after the dispute process began with TransUnion.

24. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

25. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## **FIRST CAUSE OF ACTION**
(Fair Credit Reporting Act)

26. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

27. Trans Union is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

28. Synchrony is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

29. Plaintiff notified Defendants of a dispute on the account's completeness and/or accuracy, as reported.

30. Synchrony failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and the credit bureaus within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

31. Synchrony failed to promptly correct the inaccurate information on Plaintiff's credit reports in violation of 15 U.S.C. § 1681s-2(b).

32. TransUnion failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

33. TransUnion failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, concerning the account in question, violating 15 U.S.C. § 1681e(b).

34. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing

for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable and other damages that may be ascertained at a later date.

35. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

## SECOND CAUSE OF ACTION
(New Jersey Fair Credit Reporting Act)

36. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

37. TransUnion failed to delete information found to be inaccurate, reinserted the information without following the NJ FCRA, or failed to properly investigate Plaintiff's disputes.

38. TransUnion failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff within the 30-day statutory period as required by NJ FCRA, N.J. Stat. §C.56:11-36f(1).

39. TransUnion failed to delete information found to be inaccurate, reinserted the information without following the NJ FCRA, or failed to properly investigate Plaintiff's disputes as required by NJ FCRA, N.J. Stat. §C.56:11-36(a) and N.J. Stat. §C.56:11-36 (e).

40. As a result of the above violations of the NJ FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score and credit rating, denial of credit, embarrassment and emotional distress caused by the

inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable and other damages that may be ascertained at a later date.

41. As a result of the above violations of the NJ FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;
2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;
3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;
4. That judgment be entered against Defendants for actual damages pursuant to N.J. Stat. §C.56:11-38 or alternatively, N.J. Stat. §C.56:11-39;
5. That judgment be entered against Defendants for punitive damages pursuant to N.J. Stat. §C.56:11-38;
6. That the Court award costs and reasonable attorney's fees pursuant to N.J. Stat. §C.56:11-38 or alternatively, N.J. Stat. §C.56:11-39; and
7. That the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully Submitted,

**Law Offices of Robert S. Gitmeid & Associates, PLLC**

*/s/ Maksim Reznik*
Maksim Reznik, Esq.
30 Wall Street, 8th Floor #741
New York, NY 10005
Tel: (866) 249-1137
Email: Maksim.r@Gitmeidlaw.com
*Counsel for Plaintiff*